UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:2-cv-60312

JESUS GARCIA,
ARMANDO RODRIGUEZ MARTINEZ,
and all others similarly situated under
29 U.S.C. §216(b),

    Plaintiffs,

vs.

BROTHERS FIRE PROTECTION, INC. and
RICK A. SHEFFIELD, individually, and
BRIAN A. KENNEY, individually,

    Defendants.

_____/

## COMPLAINT
*Collective Action Pursuant to 29 U.S.C. §216(b)*

Plaintiffs Jesus Garcia ("Garcia") and Armando Rodriguez Martinez "Martinez") on behalf of themselves and all others similarly situated under 29 U.S.C. §216(b) (collectively "Plaintiffs"), by and through undersigned counsel, hereby sue Brothers Fire Protection, Inc. (the "Company"), Rick A. Sheffield ("Sheffield"), and Brian A. Kenney ("Kenney) (collectively referred to as "Defendants") and allege as follows:

1 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## Introduction

1. This is an action by Plaintiffs against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiffs seek damages, reasonable attorneys' fee and costs, and all other remedies allowable by law.

3. The FLSA counts are brought as a collective action pursuant to 29 U.S.C. §216(b).

4. Defendants have failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium wage payments.

## Parties, Jurisdiction and Venue

5. Plaintiff Garcia resides in Miami-Dade County, Florida.

6. Plaintiff Martinez resides in Miami-Dade County, Florida.

7. The Company employs Plaintiffs in Broward County, Florida.

8. The Company conducts business in Broward County, Florida.

9. During the relevant period, Plaintiffs performed work for Defendant in Broward County, Florida.

10. Venue is proper in this Court because Defendants transact business in this District, Defendants employed Plaintiffs in this District, and the claims arose within this District.

2 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

A. **Defendant's Business And Interstate Commerce**

11.     The Company is a for-profit company providing inspection, design, and installation services for fire sprinklers in resident and commercial buildings.

12.     The Company's annual volume of sales or business exceeded $500,000 annually for the last three (3) years.

13.     At all relevant times, Defendants employed two or more employees, including Plaintiffs, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

14.     Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

15.     Defendants, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

3 | P a g e

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

16. The Company is engaged in interstate commerce and subject to the FLSA.

B. **Plaintiffs' Employment With The Company**.

17. Garcia began working for Defendants during 2011.

18. Garcia was hired by Defendants and given the title of "Installer."

19. Garcia remained employed by Defendants as a titled "Installer" until December 24, 2020.

20. Martinez began working for Defendants on or about May 7, 2018.

21. Martinez was hired by Defendants and given the title of "Helper."

22. Martinez remained employed by Defendants as a titled "Helper" until January 29, 2021.

23. Plaintiffs were compensated on an hourly basis.

C. **Defendants' Timekeeping Violations and Failure To Pay Overtime Wages**.

24. During the relevant period, Plaintiffs were required to be ready and waiting for pickup by a Company employee around 6 AM.

25. Once picked up by the Company representative, Plaintiffs would customarily and regularly go to the supervisor's home and/or to a supply store to pick up materials for the day.

26. Defendants, however, did not being to compensate Plaintiffs until at least an hour later.

4 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

27. Despite Defendants' requirement to have Plaintiffs engage in this travel time, stop(s) for materials, and "pre-shift" work, this time was not recorded.

28. Moreover, Plaintiffs were not paid any rate of pay, regular or premium, for this time.

29. At the end of the "shift," Defendants regularly required Plaintiffs to perform additional off-the-clock work, such as picking up materials for the following day. This time was not recorded nor paid.

30. These morning and/or late afternoon work hours resulted Plaintiffs working beyond forty (40) hours per week.

31. Defendants, at all material times, had knowledge of these hours worked by Plaintiffs but failed to pay Plaintiffs an overtime premium when they worked overtime hours.

D. **Defendant' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

32. Defendants' pattern and practice of depriving similarly-situated Installers and Helpers of overtime compensation required by the FLSA extended to all Installers and Helpers working for Defendants during the last three (3) years.

33. Other Installers and Helpers have been subject to the very same unlawful payment practices as Garcia and Martinez.

5 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

34. Other Installers and Helpers customarily and regularly performed "pre-shift" and "post-shift" overtime work for which they were not compensated at all.

35. In fact, other Installers and Helpers, like Plaintiffs, were not allowed to record the compensable time.

36. Installers and Helpers for Defendants have worked over forty (40) hours a week during the last three (3) years without being paid at time-and-a-half their regular rate of pay for the overtime hours worked.

37. There are numerous similarly situated Installers.

## COUNT I
## OVERTIME VIOLATIONS BY BROTHERS FIRE PROTECTION, INC. UNDER THE FAIR LABOR STANDARDS ACT

38. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

39. Upon information and belief, the Company's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

40. As part of its business, the Company purchased goods and materials that traveled through interstate commerce during the relevant period.

41. During the relevant period, the Company obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

42. During the relevant period, the Company, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

43. During the relevant period, the Company was an employer engaged in interstate commerce and subject to the FLSA.

44. Plaintiffs have worked overtime hours during their tenures with the Company.

45. The Company, however, never paid Plaintiffs time-and-a-half their regular rate of pay for all hours worked over 40 in a workweek.

46. Plaintiffs are owed overtime back pay.

47. In addition, the Company is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA as well as the application of a three-year statute of limitations.

**WHEREFORE,** Plaintiffs respectfully request that the Court:

a. Enter judgment for Plaintiffs against the Company under the FLSA;

b. Award Plaintiffs actual damages for the unpaid overtime wages;

c. Award Plaintiffs liquidated damages;

d. Award Plaintiffs their attorneys' fees and costs;

e. Award Plaintiffs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

7 | P a g e

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## COUNT II
## OVERTIME VIOLATIONS AGAINST RICK A. SHEFFIELD UNDER THE FAIR LABOR STANDARDS ACT

48. Plaintiffs re-allege and incorporates by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

49. Sheffield operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiffs, had control/access to Plaintiffs' records for work hours and pay, and was partially or totally responsible for paying Plaintiffs' wages.

50. Sheffield scrutinized Plaintiffs' work and controlled how Plaintiffs did their jobs.

51. During Plaintiffs' employment with Defendants, Plaintiffs consistently worked for Defendants over 40 hours per week.

52. During their employment with Defendants, Plaintiffs worked overtime hours for which they were not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

53. Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

54. Sheffield did not compensate Plaintiffs for their overtime despite knowledge of the overtime hours Plaintiffs worked.

55. Sheffield is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his

8 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

a. Enter judgment for Plaintiffs against Sheffield under the FLSA;

b. Award Plaintiffs actual damages for the unpaid overtime wages;

c. Award Plaintiffs liquidated damages;

d. Award Plaintiffs their attorneys' fees and costs;

e. Award Plaintiffs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT III
## OVERTIME VIOLATIONS AGAINST BRIAN A. KENNEY UNDER THE FAIR LABOR STANDARDS ACT

56. Plaintiffs re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

57. Kenney operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiffs, had control/access to Plaintiffs' records for work hours, and was partially or totally responsible for paying Plaintiffs' wages.

58. Kenney scrutinized Plaintiffs' work and controlled how Plaintiffs did their job.

9 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

59. During Plaintiffs' employment with Defendants, Plaintiffs consistently worked for Defendants over 40 hours per week.

60. During their employment with Defendants, Plaintiffs worked overtime hours for which they was not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

61. Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

62. Kenney did not compensate Plaintiffs for their overtime despite knowledge of the overtime hours Plaintiffs worked.

63. Kenney is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of their intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

    a. Enter judgment for Plaintiffs against Kenney under the FLSA;

    b. Award Plaintiffs actual damages for the unpaid overtime wages;

    c. Award Plaintiffs liquidated damages;

    d. Award Plaintiffs their attorneys' fees and costs;

    e. Award Plaintiffs all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

10 | P a g e

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## COUNT IV
## COLLECTIVE ACTION AGAINST BROTHERS FIRE PROTECTION, INC. FOR UNPAID OVERTIME WAGES UNDER THE FLSA

64. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

65. The Company's pattern and practice of depriving workers of overtime compensation required by the FLSA extended to all Installers and Helpers.

66. Installers and Helpers throughout have all been subject to the very same unlawful payment practices as Garcia and Martinez.

67. Despite the Company's requirement to have Installer engage in this travel time and stop(s) for materials, this time was not recorded.

68. Further, much like Garcia and Martinez, Installers would spend additional time after their workday to get materials and supplies.

69. Again, Installers were not permitted to record this travel time and stop(s) for materials.

70. The Company has employed dozens other Installers and Helpers during the relevant period.

71. Installers and Helpers for the Company have worked over forty (40) hours a week during the last three (3) years without being paid at time-and-a-half their regular rate of pay for the overtime hours worked.

11 | P a g e

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

72. Other similarly situated Installers of the Company were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

a. Enter an order certifying this case as a collective action;

b. Enter judgment against the Company under the FLSA;

c. Award all similarly situated opt-in plaintiffs actual damages for the unpaid wages;

d. Award all similarly situated opt-in plaintiffs liquidated damages;

e. Award attorneys' fees and costs;

f. Award all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## COUNT V
### COLLECTIVE ACTION AGAINST SHEFFIELD FOR UNPAID OVERTIME WAGES UNDER THE FLSA

73. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

74. Sheffield operated the day-to-day activities of Defendants' business, had supervisory authority over Installers and Helpers, had control/access to records for work hours and pay, and was partially or totally responsible for paying Installers and Helpers during the relevant period.

12 | P a g e

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

75. Sheffield scrutinized the work of Installers and Helpers during the relevant period and controlled how they did their jobs.

76. During the relevant period, Installers and Helpers consistently worked over 40 hours per week for Defendants.

77. During their employment with Defendants, Installers and Helpers worked overtime hours for which they were not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

78. Installers and Helpers are owed unpaid overtime compensation pursuant to the FLSA.

79. Sheffield did not compensate Installers and Helpers for their overtime despite knowledge of the overtime hours Plaintiffs worked.

80. Sheffield is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

a. Enter judgment for Installers and Helpers against Sheffield under the FLSA;

b. Award Installers and Helpers actual damages for the unpaid overtime wages;

c. Award Installers and Helpers liquidated damages;

13 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

    d.   Award attorneys' fees and costs;

    e.   Award all recoverable interest; and

    f.   Award any other relief this Honorable Court deems just and proper.

## COUNT VI
## COLLECTIVE ACTION AGAINST KENNEY FOR UNPAID OVERTIME WAGES UNDER THE FLSA

81. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

82. Kenney operated the day-to-day activities of Defendants' business, had supervisory authority over Installers and Helpers, had control/access to records for work hours and pay, and was partially or totally responsible for paying Installers and Helpers during the relevant period.

83. Kenney scrutinized the work of Installers and Helpers during the relevant period and controlled how they did their jobs.

84. During the relevant period, Installers and Helpers consistently worked over 40 hours per week for Defendants.

85. During their employment with Defendants, Installers and Helpers worked overtime hours for which they were not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

86. Installers and Helpers are owed unpaid overtime compensation pursuant to the FLSA.

14 | P a g e

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

87. Kenney did not compensate Installers and Helpers for their overtime despite knowledge of the overtime hours Plaintiffs worked.

88. Kenney is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

a. Enter judgment for Installers and Helpers against Kenney under the FLSA;

b. Award Installers and Helpers actual damages for the unpaid overtime wages;

c. Award Installers and Helpers liquidated damages;

d. Award attorneys' fees and costs;

e. Award all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiffs hereby requests a trial by jury with respect to all claims so triable.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Respectfully submitted,

***/s/ J. Freddy Perera***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**PERERA BARNHART ALEMAN**
12555 Orange Drive, Suite 207
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiffs*

16 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

#5028402 v1